JAMES WOODMAN v. RICHARD HUNTER.

1. HEARSAY EVIDENCE — *Judgment.* Hearsay testimony alone is not sufficient to uphold a judgment.

2. CHATTEL MORTGAGE — *Cancellation* — *New Mortgage.* A mortgagee of personal property who surrenders the note secured and cancels the mortgage, in consideration of the note of a third party, secured by a new mortgage, including new and different security, without the knowledge or consent of the original mortgagor, is bound by his own bargain, and cannot thereafter resort to the first mortgage as security for the debt.

*Error from Republic District Court.*

THE opinion states the case.

*A. H. Ellis,* for plaintiff in error.
*M. I. Cooper,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: Richard Hunter, as plaintiff, brought this action to recover certain livery stock under a chattel mortgage, a copy of which was attached to the amended petition, and was executed by J. R. Prentiss, on the 14th day of August, 1888. Woodman, the defendant below, was in possession of the property, claiming it by virtue of a chattel mortgage executed to him by Joseph Jones on the 2d day of November, 1887. In the plaintiff's amended petition, there is no reference to any other claim to the property in controversy than that under the mortgage executed by Prentiss. On the trial, the plaintiff, over the objection of the defendant, offered in evidence chattel mortgages, as follows: (1) From Joseph Woodman and S. G. Robertson, to William Hill, dated August 10, 1887, for $600. Filed on same day, and indorsed, "Canceled 8–14, 1888.— RICH'D HUNTER." (2) Mortgage from Joseph Jones to Joseph Woodman, dated November 2, 1887, filed for record November 14, 1887, to secure $1,893. (3) Mortgage signed by J. R. Prentiss and

H. J. Prentiss, to Richard Hunter, dated August 6, 1888, for $693.80.   (4) Mortgage from J. R. Prentiss to Richard Hunter, dated August 14, 1888, for $713.80.

It was shown on the trial that the first-named mortgage, from Woodman and Robertson to Hill, was sold by Hill to Hunter, and that Woodman requested Hunter to make the purchase.   When the Hill mortgage became due, Prentiss executed his own note, secured by mortgage on the same stock included in the first mortgage and some other also.   This transaction was without any consultation with Woodman. The last mortgage, given by Prentiss to Hunter, was merely an exchange of securities, for the purpose of including $20 more, which it was claimed. by Hunter had been omitted by mistake.   Over the objection of the defendant, various statements of Jones and Prentiss with reference to Woodman's rights under the mortgage from Jones to him were admitted in evidence, and, at the conclusion of the plaintiff's testimony, the defendant demurred to the evidence.   The demurrer was overruled, and, no further testimony being offered, judgment was rendered for the plaintiff.

There is absolutely no proof in the record of any agency or authority given by Woodman to Jones or Prentiss to speak for him.   Hunter testified that Prentiss offered to sell him the notes which were given by Jones to Woodman, but there is no proof whatever of any authority from Woodman to make such sale, nor of any transfer of the notes from Woodman to Prentiss, nor of Prentiss having possession of the notes.   The statements of Prentiss were the barest kind of hearsay testimony.   Equally objectionable was that of Jones, to the effect that his understanding was that his indebtedness to Woodman was all paid.   The theory of the plaintiff seems to be, that the mortgage attached to the petition is, in effect, a renewal of the mortgage given by Woodman and Robertson to Hill, but the evidence does not show it to be so.

Counsel for defendant in error says that the evidence clearly discloses an understanding between Woodman and Prentiss,

whereby a cancellation of the Hill mortgage was to be obtained, and then Woodman was to assert his claim under the Jones mortgage. Just how this is claimed to have been arranged is neither shown by the record nor stated by counsel. There is an utter failure of testimony tending to support the theory of the defendant in error, except the declarations of Prentiss and Jones, which were improperly received in evidence. There is absolutely no act or declaration of Woodman shown by any witness inconsistent with the assertion of his rights under his mortgage. There is no question that his mortgage was given for a valuable consideration, duly recorded, and prior in time to that under which Hunter claimed. As there was an utter failure of proof to establish the plaintiff's claim, the court should have sustained the demurrer to the testimony, and entered judgment for the defendant. The judgment is reversed.

All the Justices concurring.